## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINA DIAZ, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | REMOVED FROM SUPERIOR COURT |
| | : | OF NEW HAVEN COUNTY, STATE |
| AMAZON.COM SERVICES, | : | OF CONNECTICUT |
| | : | CIVIL ACTION NO: |
| Defendant. | : | NNH-CV-22-6125321-S |
| | : | |
| | : | August 15, 2022 |
| | : | |

### NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Amazon") hereby removes the civil action entitled *Christina Diaz v. Amazon.com Services, LLC* (Docket No. NNH-CV22-6125321-S), from the Superior Court of the State of Connecticut, Judicial District of New Haven at New Haven, to the United States District Court for the District of Connecticut.  In support of its Notice of Removal, Amazon states as follows:

**I.      RELEVANT BACKGROUND**

1.      On or around July 8, 2022, Plaintiff Christina Diaz ("Plaintiff") commenced this action by filing a Complaint ("Complaint" or "Compl.") against Amazon in the  Superior Court of the State of Connecticut, Judicial District of New Haven at New Haven, captioned as *Christina Diaz v. Amazon.com Services LLC.*

2.      On or about July 15, 2022, Amazon received a copy of the Summons, Complaint, and Statement Re: Amount in Demand. A true and correct copy of the Summons, Complaint, and Statement Re: Amount in Demand are attached hereto as Exhibit A.

86014033v.1

3.      No other proceedings have been held in the Connecticut Superior Court, and the Summons, Complaint, Statement Re: Amount in Demand, and Exhibit A constitute all process and pleadings served upon Amazon in this case.

4.      Accordingly, fewer than thirty days have elapsed since this action became removable to this Court.

5.      Plaintiff's Complaint alleges claims of monetary damages and such other and further relief as in law and equity may pertain.

6.      Plaintiff seeks alleged damages, including but not limited to money damages for lost wages and employment benefits, emotional distress damages, and attorney's fees and litigation expenses.  *See* Compl., pp. 4-5.  Plaintiff's Complaint does not allege a specific damages amount, though her Statement Re: Amount in Demand recites that the amount is greater than $75,000.  *See* Exhibit A.

## II.      REMOVAL STANDARDS

7.      Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

8.      As demonstrated below, this action is removable to the United States District Court for the District of Connecticut under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship), and because this Court encompasses the district and division where the action currently is pending.

## III.      FEDERAL QUESTION JURISDICTION

9.      In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Amazon under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

86014033v.1

2000e *et seq.*, and the Civil Rights Act of 1991.

10.     Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11.     Accordingly, because this action alleges violations of Title VII and the Civil Rights Act of 1991, Exhibit A, Count One, ¶¶ 1-12, this action arises under federal law.  28 U.S.C. § 1331.  The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

## IV.     DIVERSITY JURISDICTION

12.     Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states…."  In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A.     Complete Diversity of Citizenship Exists.

13.     Upon information and belief, Plaintiff is a citizen of and resides in the State of Connecticut.  Compl. ¶ 1.

14.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

15.     Amazon was at the time of the commencement of this action, and is now, incorporated under the laws Delaware, and headquartered in Seattle, Washington.[1]

16.     As Plaintiff is a citizen of Connecticut and Amazon is a citizen of Delaware and

---

[1] Amazon.com Services LLC is incorporated under the laws of Delaware with its corporate headquarters and principal place of business in Washington.  Accordingly, Amazon.com Services LLC is a citizen of Delaware and Washington, because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington.

86014033v.1

Washington, this action is between "citizens of different states." *See* 29 U.S.C. § 1332(a)(1).

17.     As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(c)(1); *Hertz v. Friend et al.*, 559 U.S. 77 (2010).

**B.     The Amount in Controversy Requirement Is Satisfied.**

18.     Because Plaintiff does not expressly plead a specific amount of damages in her Complaint, Amazon must only show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

19.     Although Plaintiff's Complaint does not specify the precise amount of damages sought, there is a reasonable probability that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and she claims as much in her Statement Re: Amount in Demand.  *See* Exhibit A.  In her Complaint, Plaintiff alleges money damages for lost wages and employment benefits, front pay, emotional distress damages, and attorney's fees and costs. Compl., pp. 4-5.

20.     If Plaintiff were to prevail at trial on all her claims, there is a reasonable probability that these categories of damages would together exceed $75,000.[2]

21.     Accordingly, although Amazon expressly denies any liability to Plaintiff, there is a reasonable probability that this action meets the jurisdictional amount required for removal based

---

[2] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that Plaintiff's claims are without merit and that Amazon is not liable to Plaintiff.  Amazon specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amazon.  No statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

86014033v.1

on diversity of citizenship under 28 U.S.C. § 1332(a).

## V.      VENUE

22.      The United States District Court for the District of Connecticut is a proper venue for removal because it is the federal judicial district in which the Complaint alleges that a substantial part of the alleged events and/or conduct giving rise to the claims occurred.

23.      Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in New Haven, where this action was filed and has been pending prior to removal, lies within this federal District and Division.

## VI.      ADDITIONAL REQUIREMENTS FOR REMOVAL

24.      As set forth above, this Notice of Removal is timely filed with this Court because thirty days have not expired since Amazon received the Complaint.  *See* 28 U.S.C. § 1446(b).

25.      Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court action in this removed action.

26.      Amazon will promptly file a notice of filing this Notice of Removal with the Superior Court in accordance with 28 U.S.C. § 1446(d).  A copy of such notice of filing is attached hereto as Exhibit B.

27.      Amazon has provided Plaintiff written notice of this filing in accordance with 28 U.S.C. § 1446(d).

28.      No previous Notice of Removal has been filed or made with this Court or any other court for the relief sought herein.

29.      The undersigned is counsel for and is duly authorized to effect removal on behalf of Amazon.

30.      By filing a Notice of Removal in this matter, Amazon does not waive its right to assert any and all defenses and/or objections in this case.

86014033v.1

**WHEREFORE**, Amazon hereby removes this case from the Superior Court of the State of Connecticut, Judicial District of New Haven at New Haven, to this Court, and this Court now has jurisdiction over further proceedings.

Respectfully submitted,

**AMAZON.COM SERVICES LLC,**

By its attorneys,

*/s/ Daniel B. Klein*
Daniel B. Klein (ct18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
TEL: 617-946-4800
FAX: 617-946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, a copy of the foregoing document was filed electronically through the Court's CM/ECF system.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.  A copy is also being sent by electronic and first class mail, postage prepaid, on this date to counsel of record for all parties, as follows:

John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360

*/s/ Daniel B. Klein*
Daniel B. Klein

6